# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES ROBERT ROGERS, ET AL. | * | |
| | * | |
| v. | * | Civil No. CCB-17-1340 |
| | * | |
| OFFICER GOULD GIBBONS III, ET AL. | * | |

## MEMORANDUM

This case arises out of a fatal police-involved shooting that occurred on the night of July 20, 2013. It is brought by the decedent's parents, James R. Rogers, Sr. and Barbara Rogers, and decedent's children, Katie Durazzo and Marilyn Portillo, against Officer Gould Gibbons, III, Officer Randall J. Yohe, and Baltimore County, Maryland. Although plaintiffs originally were represented by counsel, this court granted a motion for leave to withdraw appearance on October 24, 2017. No other attorney has entered his or her appearance on behalf of the plaintiffs. On November 17, 2017, the defendants filed a motion for summary judgment. (ECF No. 22.) The plaintiffs were advised of the consequences of a failure to respond to the motion, but have failed to file an opposition. The motion will be granted for the reasons explained below.

The following facts are supported by affidavits and other exhibits to the motion. On the night of July 20, 2013, James Rogers, Sr. and Barbara Rogers called 911 to ask for emergency assistance because their son, James Rogers, Jr. was acting irrationally and had assaulted Mrs. Rogers with a knife. (Memo., ¶ 1 (ECF No. 22-1).) Officer Yohe was dispensed as the primary officer and Officer Gibbons informed the 911 dispatcher that he would back Officer Yohe up on the call. (*Id.* ¶ 2.) While they were traveling to the scene, the officers were informed by the 911 dispatcher that the subject was now in the garage, which was attached to the house, and that the garage door was open, and that the subject was armed with a knife. (*Id.* ¶ 3.) The officers

1

arrived simultaneously, and they both saw Rogers, Jr. standing at the back of the open garage, which was lighted. He had his hands behind his back. (*Id.* ¶ 4.) The officers walked up to the front of the garage and tried to calm Rogers, Jr. down. Officer Gibbons ordered the subject to show them his hands so that they could verify whether he was armed. Rogers, Jr. refused to do so and yelled "Nope!" (*Id.* ¶ 5.) Officer Gibbons again ordered him to show them his hands. When he again refused, the officers pulled their duty weapons in self-defense. (*Id.* ¶ 6.)

The officers could hear a female screaming at Rogers, Jr. from just inside the house. They assumed she was his mother, whom he had previously assaulted. (*Id.*) Officer Gibbons directed her to close the door to the garage and stay inside, but he could not see whether she had done so. (*Id.*) Officer Gibbons again ordered the subject to remove his hands from behind his back, and at this point the subject did bring his hands around. (*Id.* ¶ 7.) The officers could see that he had a cast on his arm and that he was armed with a large butcher knife. (*Id.*) Officer Gibbons ordered him several times to drop the weapon, but he failed to comply. (*Id.*) Rogers, Jr. was yelling into the house, "Is this what you want, is this what you want?" (*Id.* ¶ 8.) He turned suddenly away from the officers and started to move toward the house. (*Id.* ¶ 9.) At this time Office Gibbons believed the subject was going to run inside and attack his mother, or turn and attack him and Officer Yohe. (*Id.*) He therefore fired several shots, and Rogers, Jr. fell to the ground. (*Id.*) The officers called for a medic, and Rogers, Jr., was transported to the hospital, where he was later pronounced dead. (*Id.* ¶ 11.)

Essentially, the complaint in this case asserts (1) a claim under 42 U.S.C. § 1983 that the officers used excessive force in violation of the Fourth Amendment to the U.S. Constitution and (2) a parallel claim under the Maryland Constitution. A police officer is justified in using deadly force, however, if he had "probable cause to believe that the suspect poses a threat of serious

physical harm, either to the officer or others." *Tenessee v. Garner*, 47 U.S. 1, 11 (1985). The officer's use of force under the circumstances described was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 296-97 (1989); *Randall v. Peaco*, 927 A.2d 83, 89-90 (Md. App. 2007) (applying *Graham* test to claim of excessive force under Maryland Constitution).

Further, as to the state law claims, the evidence shows the officers acted lawfully and in self-defense. *Richardson v. McGriff*, 361 Md. 437, 452-53 (2000).

In summary, while the death of Rogers, Jr. was tragic, the plaintiffs have not established any right to recover damages from the defendants. A separate Order granting summary judgment follows.

Date: _____1/18/2018_____            _____/s/_____
                                                                    Catherine C. Blake
                                                                    United States District Judge